IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE M. TITUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  06-74 |
| | ) |
| MOON AREA SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION

Plaintiff Suzanne Titus ("Titus") worked as a substitute teacher for Defendant Moon Area School District ("the School District") for a number of years.  During that time she received numerous commendations and was recognized as an exemplary teacher.  She applied for a full time teaching position for the 2002-2003 school year, but did not secure a job.  Believing that she had been discriminated against on the basis of her age (approximately 51 years old at the time) and on the basis of her disability (she suffers from essential tremor disorder, which causes uncontrollable shaking of her voice, hands and head when she is in extremely stressful situations), she filed charges with the EEOC and the PHRC.  She subsequently applied for a full time teaching position for the 2003-2004 school year, but was again unsuccessful.  She now asserts claims of age discrimination under the ADEA, 29 U.S.C. § 621 et seq., and the PHRA, 43 P.S. § 951 et seq, of disability discrimination under the ADA, 42 U.S.C.

1

§ 12101 et seq, and the PHRA, and of retaliation under the ADEA, the ADA and the PHRA.

The School District has filed a partial Motion to Dismiss. See Docket No. 5. The School District insists that Titus's demand for punitive damages for the alleged discrimination and retaliation must be dismissed. According to the School District, none of the statutes permit the imposition of punitive damages against a municipality.

The Motion (Docket No. 5) is GRANTED. The School District is correct in that punitive damages are not available under the PHRA. See Hoy v. Angelone, 554 Pa. 134, 720 A.2d 745 (1998) and Gagliardo v. Connaught Laboratories, Inc., 311 F.3d 565, 570 n. 3 (3d Cir. 2002). Similarly, punitive damages are unavailable as against the School District under Title I of the ADA. See Doe v. County of Centre, 242 F.3d 437, 457 (3d Cir. 2001) (stating that the Civil Rights Act of 1991 "expressly amended Title I of the ADA ... to allow awards of punitive damages against individuals and private entities, but not against municipalities and government entities.") and Raie v. City of Philadelphia, Civ. No. 99-1291, 2001 WL 884707 at * 9 (E.D. Pa. July 31, 2001) (stating that "[t]he law is clear that a municipality is not liable for punitive damages under Title VII or the ADA"). Finally, while liquidated damages are available under the ADEA, punitive damages (in the sense of an uncapped award) are not. See Potence v. Hazelton Area School District, 357 F.3d 366 (3d Cir. 2004) (recognizing that liquidated damages are available against a municipality under the ADEA); Cross v. New York Transit Auth., 417 F.3d 241 (2d Cir. 2005) (citing to Potence for the same proposition);

and <u>Castillo v. Homan</u>, Civ. No. 4-4859, 2005 WL 2000675 at * 5 (S.D. Tex. Aug. 16, 2005) (stating that, "[w]hile the ADEA does not permit punitive damages, it does allow liquidated damages, which are seen as punitive in nature, and limits the amount awarded to an equivalent of back pay").

Consequently, this **17th** day of March, 2006, it is Ordered that Defendant's Partial Motion to Dismiss (Docket No. 5) is granted.  Titus is precluded from seeking punitive damages in conjunction with her PHRA, ADA and ADEA claims.  I will treat Titus's request for punitive damages under the ADEA as a request for liquidated damages.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge